THE LAW OFFICE OF
RYAN K. HARIMOTO

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-19-0002102**
**06-NOV-2019**
**01:14 PM**

RYAN K. HARIMOTO 6720-0
1003 Bishop Street, Suite 2700
Honolulu, Hawaii 96813
Telephone: (808) 528-3113

Attorney for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| SARAH TEVES,<br><br>        Plaintiff,<br><br>  vs.<br><br>THE QUEEN'S MEDICAL CENTER; and<br>DOE DEFENDANTS 1-50.<br><br>        Defendants. | CIVIL NO. _____<br>(Other Civil Matter)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff SARAH TEVES complains against Defendant THE QUEEN'S MEDICAL

CENTER and DOE DEFENDANTS 1-50 as follows:

## I.      PARTIES

1.      Plaintiff SARAH TEVES ("Plaintiff") was, and at all times relevant herein, a

resident of the City and County of Honolulu, State of Hawai'i.

2.      Upon information and belief, Defendant THE QUEEN'S MEDICAL CENTER

("Defendant QMC"), is a Hawaii corporation doing business in the State of Hawaii with its

principal place of business in Honolulu, Hawaii.

I do hereby certify that the foregoing is a full, true and correct copy of the official court record of the Courts of the State of Hawai'i.
Dated at: Honolulu, Hawai'i 18-NOV-2019, /s/ Lori Ann Okita, Clerk of the First Judicial Circuit, State of Hawai'i



3.     DOE DEFENDANTS 1-50 are individuals, corporations, partnerships, limited partnerships, joint ventures and/or other entities named hereunder fictitious names for the reason that their true identities are presently unknown to Plaintiff, except that they are persons and/or entities who are subsidiaries, agents, associates, masters, servants, employees and/or who were in some manner presently unknown to Plaintiff engaged in activities alleged in the Complaint filed herein; and/or who are in some manner responsible for the damages to Plaintiff; and/or who conducted some activity in a negligent and/or intentional manner, which negligent and/or intentional conduct was a proximate cause of the injuries or damages to Plaintiff; and/or who are in some manner related to the named Defendant; and Plaintiff prays leave to insert herein their true names and capacities, activities, and/or responsibilities when the same are ascertained. Plaintiff has conducted research through third-parties in order to identify the persons and/or entities liable for the damages to Plaintiff complained of herein. Plaintiff has conducted independent research through a third party to ascertain the corporate identities of Defendants. The Plaintiff at this time is unable to identify the names and identities of the persons and/or entities until Plaintiff proceeds with discovery.

4.     At all times material herein, all employees or agents of Defendant QMC were acting in the course and scope of their employment and/or agency and as employees and/or agents when engaging in the conduct alleged herein. Therefore, Defendant QMC is directly liable for the conduct of its employees and/or agents, and Defendant QMC is also liable under the rules and regulations of the Hawai`i Civil Rights Commission and the doctrines of strict liability, respondeat superior, vicarious liability, and/or agency.

2

## II.   STATEMENT OF FACTS

5.      Plaintiff was employed as an Emergency Room Technician ("ERT") by Defendant QMC from on or about September 6, 2016 until Plaintiff was terminated on July 3, 2018.

6.      After a series of tests and doctor visits in November 2017, Plaintiff was diagnosed with a ganglion cyst on her right foot in approximately early December 2017.

7.      Aside from being unsightly and causing difficulty with wearing Plaintiff's required work shoes, the cyst caused extreme pain when Plaintiff was on her feet at work for almost the entirety of her normal twelve-hour shift or longer.

8.      The cyst substantially impaired Plaintiff's daily life activities of walking, standing, bending, lifting, and working.

9.      Though the pain caused by the cyst was constant, Plaintiff was required by her physician to take off from work when the pain became unbearable.

10.      Initially, Defendant QMC allowed Plaintiff the reasonable accommodation of time off from work when medically necessary.

11.      However, after a few months, Defendant QMC began harassing Plaintiff regarding her absences, even though numerous other ERT's called in sick, some more frequently than Plaintiff,  without being harassed.

12.      Due to the cyst, Plaintiff went on approved leave approved by Defendant QMC pursuant to the FMLA from December 1, 2017 to January 5, 2018, as Plaintiff's podiatrist determined that Plaintiff needed to stay off her feet for periods of time to alleviate the pain caused by the cyst, as Plaintiff's job duties required constant standing and walking for extended periods.

3

13.     Prior to that first FMLA leave, Plaintiff had rarely called in sick.

14.     After Plaintiff returned, there were occasional days on which she could not work when the pain from the cyst was exacerbated by her work hours and duties, but Plaintiff certainly did not abuse her sick leave.

15.     One of the days on which the pain in Plaintiff's foot was too severe to work was February 4, 2018.

16.     Soon after Plaintiff returned to work from that February 4, 2018 absence, Plaintiff's supervisor told Plaintiff that he heard Plaintiff was at a Super Bowl party on that day of absence.

17.     Plaintiff explained to her supervisor that her boyfriend had planned for months to host the party and that Plaintiff did not expect him to cancel the party due to her condition.

18.     Plaintiff was out amongst the guests for short periods, but Plaintiff definitely did not stay on her feet for any extended periods whatsoever.

19.     Plaintiff's supervisor appeared to understand and was satisfied with Plaintiff's explanation, the matter was dismissed, and Plaintiff's supervisor did not raise the issue again.

20.     Plaintiff also went on leaves of absence approved by Defendant QMC under the FMLA from March 2, 2018 to March 16, 2018, as well as May 11, 2018 to May 31, 2018.

21.     When Plaintiff returned from the third FMLA leave in early June 2018, Defendant QMC's harassment escalated.

22.     On or about June 15, 2018, Plaintiff was placed on suspension for "abuse of sick leave" because a co-worker reported to Defendant QMC that Plaintiff was at the beach during her most recent FMLA leave.

23.     Plaintiff did not deny that she was at the beach, but she was sitting down while there.

24.     Moreover, Plaintiff certainly did not violate her doctor's restrictions by sitting down at the beach versus being on her feet for hours at a time while working.

25.     Also, for the first time in months, Defendant QMC confronted Plaintiff once again with the February 4, 2018 absence, even though Plaintiff's supervisor had dismissed that matter soon after it occurred.

26.     On or about June 16, 2018, Plaintiff submitted to Defendant QMC another medical note from her podiatrist which mentioned that Plaintiff could even travel, as long as her weight bearing activity was limited.

27.     Nevertheless, Plaintiff was terminated on July 3, 2018.

28.     Plaintiff timely filed a charge of discrimination with the Hawaii Civil Rights Commission, and she later received a Notice of Right to Sue.  This Complaint is being filed within ninety days of receipt of said Notice of Right to Sue.

III.    **CLAIMS FOR RELIEF**

**First Claim for Relief: Illegal Employment Discrimination**

29.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 28 hereinabove.

30.     Based on the acts and omissions described above, Defendant QMC is in violation of Chapters 368 and 378, *Hawaii Revised Statutes* ("HRS"), by discriminating against Plaintiff on the basis of her disability and/or that she has a record of being disabled and/or that she was regarded as being disabled, in that Plaintiff was subjected to a hostile working environment and

disparate treatment, denied reasonable accommodations, and had her medical privacy violated,

all of which violate the ADA, FMLA, and HRS Chapter 378.

31.     As a result of Defendant QMC's illegal discrimination against her, Plaintiff has

suffered damages, and she is entitled to compensation in amounts to be proven at trial.

## PUNITIVE DAMAGES

32.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1

through 31 hereinabove.

33.     Defendant QMC has acted wantonly or oppressively, or with such malice,  as

implies a spirit of mischief or criminal indifference to civil obligations; or with that entire want

of care which would raise the presumption of a conscious indifference to consequences.

34.     As a direct and proximate result thereof, Plaintiff is entitled to punitive or

exemplary damages in amounts to be shown at trial.

WHEREFORE, Plaintiff prays for Judgment against Defendant QMC and yet unnamed

DOE Defendants, jointly and severally, as follows:

1.     For special damages in amounts to be proven at trial;

2.     For general damages in amounts to be proven at trial;

3.     For back pay, front pay, prejudgment interest, lost employment benefits,

reasonable attorneys' fees and costs, and such other relief as the Court deems appropriate,

pursuant to *Hawaii Revised Statutes* § 368-17(a), in amounts to be proven at trial;

4.     For double, treble, and punitive damages in amounts to be proven at trial;

5.     For an order of injunctive relief, as may be available to Plaintiff under Rule 65 of

the *Hawaii Rules of Civil Procedure* and Chapters 368 and 378 of the *Hawaii Revised Statutes,*

to enjoin the Defendants from continuing or maintaining any policy, practice, or custom whereby unlawful discrimination, harassment, and/or retaliation is the result.

      6.     All other relief which the Court deems appropriate, including, without limitation, all such relief and remedies provided for under Chapters 368 and 378 of the *Hawaii Revised Statutes*.

      DATED:     Honolulu, Hawaii, November 6, 2019.

/s/ Ryan K. Harimoto
RYAN K. HARIMOTO

Attorney for Plaintiff

7

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| SARAH TEVES, | CIVIL NO. _____ |
| Plaintiff, | (Other Civil Matter) |
| vs. | DEMAND FOR JURY TRIAL |
| THE QUEEN'S MEDICAL CENTER; and DOE DEFENDANTS 1-50. | |
| Defendants. | |

DEMAND FOR JURY TRIAL

Comes now Plaintiff SARAH TEVES, by and through her attorney, and hereby demands a trial by jury on all issues so triable.

DATED:        Honolulu, Hawaii, November 6, 2019.

/s/ Ryan K. Harimoto
RYAN K. HARIMOTO

Attorney for Plaintiff

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| PLAINTIFF SARAH TEVES | VS. | DEFENDANT(S) THE QUEEN'S MEDICAL CENTER, and DOE DEFENDANTS 1-50. |

**Electronically Filed**
**FIRST CIRCUIT**
**1CCV-19-0002102**
**06-NOV-2019**
**01:14 PM**

PLAINTIFF'S NAME & ADDRESS, TEL. NO.

Ryan K. Harimoto 6720-0
1003 Bishop Street, Suite 2700
Honolulu, Hawaii 96813
Tel: (808) 528-3113

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Ryan K. Harimoto

_____ ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http://www.courts.state.hi.us | Effective Date of 28-Oct-2019 Signed by: /s/ Patsy Nakamoto Clerk, 1st Circuit, State of Hawai'i |  |

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.